IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3153-FL

| | |
|---|---|
| LLOYD D. SHIPLEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DEPARTMENT OF JUSTICE BUREAU ) <br> OF PRISONS; UNITED STATES ) <br> DEPARTMENT OF JUSTICE; ) <br> HARLEY G. LAPPIN; HARRELL ) <br> WATTS; TRACY W. JOHNS; ROSCOE ) <br> RAMSEY; DR. BLAIR; PETER ) <br> LIBERO; DR. PRZYBYLA;[1] DR. ) <br> BONNER; PHYSICIANS ASSISTANT ) <br> SPILLER; ROBIN HUNTER- BUSKEY; ) <br> and C. AUTREY, ) <br> ) <br> Defendants. ) | ORDER |

The matter comes before the court on the motion to dismiss (DE # 34) pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by defendants C. Autrey ("Autrey"), Dr. Blair ("Blair"), Dr. C. Bonner ("Bonner"), the Bureau of Prisons ("BOP"), Physician Assistant Robin Hunter-Busky ("Hunter-Busky"), Warden Tracy W. Johns ("Johns"), BOP Director Harley G. Lappin ("Lappin"), Dr. Peter Libero ("Libero"), Dr. Roscoe Ramsey ("Ramsey"), Physician's Assistant Spiller

---

[1] Plaintiff refers to this defendant as both Presbyla and Przybyla. This defendant is referred to as Przybyla by the United States District Court for the District of Columbia on September 29, 2009. Thus, the court will refer to this defendant as Przybyla. On September 16, 2009, plaintiff moved to dismiss Przybyla from this action without prejudice. The United States District Court for the District of Columbia granted plaintiff's motion on September 29, 2009, and plaintiff's claims against Przybyla were dismissed without prejudice.

("Spiller"), the United States Department of Justice ("DOJ"), and BOP National Inmate Appeals Administrator Harrell Watts ("Watts"). The matter is ripe for adjudication.

## STATEMENT OF THE CASE

On March 13, 2009, plaintiff, a federal inmate, filed this action in the United States District Court for the District of Columbia pursuant to the Federal Torts Claim Act ("FTCA"), 28 U.S.C. § 2672, *et seq.* and pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), against defendants the BOP, Lappin, Watts, Johns, Ramsey, Libero, Blair, Bonner, Spiller, Hunter-Buskey, and Dr. Peter Przybyla ("Przybyla").[2] Plaintiff alleges that defendants acted with both negligence and deliberate indifference to his eye care in violation of the Eighth Amendment to the United States Constitution, and that defendants violated his rights pursuant to the Due Process Clause of the Fifth Amendment to the United States Constitution because they used canned responses and rejections in response to his grievances. Plaintiff also alleges that Dr. Jiminez ("Jiminez"),[3] Hunter-Buskey, and Physicians Assistant Sluss ("Sluss") violated his rights pursuant to the First Amendment to the United States Constitution and that defendants violated his rights pursuant to the Equal Protection Clause of the Fifth Amendment.

On October 26, 2009, defendants filed a motion to dismiss in the United States District Court for the District of Columbia, which dismissed defendants' motion to dismiss without prejudice and ordered that the action be transferred to this court. The action was transferred to this court on August 30, 2010.

---

[2] Defendants in their October 29, 2009, motion to dismiss include a Nurse Daniel as a defendant in this action. The court has reviewed plaintiff's pleadings and has not located any reference to a Nurse Daniel. Accordingly, the court finds that plaintiff has not properly alleged a claim against Nurse Daniel. See White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (finding there must be a minimum level of factual support for a claim).

[3] Plaintiff does not provide the first names for Drs. Jiminez, Johnson, Hall, or Kim.

2

On February 10, 2011, defendants filed a second motion to dismiss, arguing that plaintiff failed to exhaust his administrative remedies for most of his Bivens claims. Alternatively, defendants argue that plaintiff's Bivens claims should be dismissed for failure to state a claim upon which relief may be granted. As for plaintiff's FTCA claim, defendants assert that this claim should be dismissed because the court lacks jurisdiction over the named defendants and because plaintiff did not comply with the jurisdictional requirements of the FTCA. Alternatively, defendants assert that plaintiff's FTCA claims should be dismissed because plaintiff failed to comply with North Carolina Rule of Civil Procedure 9(j).

## STATEMENT OF FACTS

Viewing the facts in the light most favorable to plaintiff, plaintiff makes the following allegations. On September 20, 2004, plaintiff received a cornea transplant on his left eye, and he received a cornea transplant on his right eye on May 10, 2005. After the cornea transplants, plaintiff had 20/45 vision.

On February 16, 2007, plaintiff experienced extreme eye pain and reported it to Sluss. Sluss examined plaintiff and determined that fluid in his left eye was leaking. Sluss saw plaintiff on four or five subsequent occasions, during which plaintiff continued to experience extreme pain.

On March 5, 2007, plaintiff saw Dr. Johnson at the North Carolina Ear, Nose, and Throat clinic concerning an infection that developed in both eyes. Plaintiff then was sent to Duke Medical Center "where glue was inserted to stop fluid leaking and alleviate some of the pain." (Compl. 8.) The glue came out on May 7, 2007, which resulted in more leakage and extreme pain. Plaintiff reported this to Autrey, who contacted Dr. Bonner. Autrey informed plaintiff that Dr. Bonner told her that "if the plaintiff was not having a stroke or a heart attack, [he] would be alright." (Id.) No

3

Case 5:10-ct-03153-FL   Document 39   Filed 09/14/11   Page 3 of 15

action was taken until the following week, which resulted in extreme pain. Plaintiff was then returned to Duke Medical Center to be treated by Dr. Hall and Dr. Kim.

At Butner, plaintiff was seen by Ramsey and informed he would be scheduled to see an eye doctor. However, plaintiff was not scheduled to see an eye doctor for several months and his eyesight deteriorated.

On June 12, 2008, plaintiff was examined at the Duke Medical Center and told to return in one month. Plaintiff was instructed that it was imperative that he return in one month or he could lose his eyesight. Plaintiff was not returned to Duke Medical Center until December 18, 2008. Plaintiff has not been receiving treatment for his eye condition.

## DISCUSSION

A.  Standard of Review

Defendants' motion to dismiss is based upon Rule 12(b)(1), lack of subject matter jurisdiction, and Rule12(b)(6), failure to state a claim upon which relief can be granted. Under Rule 12(b)(1), the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). When the Rule 12(b)(1) motion attacks the complaint as failing to state facts upon which subject matter jurisdiction may be based, the facts in the complaint are assumed to be true and the plaintiff is afforded the same protections he or she would receive under a Rule 12(b)(6) motion. Adams, 697 F.2d at 1219. The Rule 12(b)(1) motion may attack alternatively the existence of subject matter jurisdiction in fact, apart from the complaint. Id. This type of attack is used when a court's limited jurisdiction precludes hearing the case brought. Materson v. Stokes, 166 F.R.D. 368, 371 (E.D. Va. 1996) (citing Mortensen v. First

Fed. Sav. And Loan Ass'n, 549 F.2d 884, 891 (3rd Cir. 1977)); Adams, 697 F.2d at 1219. Because the court's power to hear the case is at issue in a Rule 12(b)(1) motion, the court is free to weigh the evidence to determine the existence of jurisdiction. Adams, 697 F.2d at 1219.

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949, and Twombly, 550 U.S. at 557).

B. Analysis

    1. Frivolity Review

The court finds it necessary to conduct a review pursuant to 28 U.S.C. § 1915(e)(2)(B) of plaintiff's amended pleadings. The Prison Litigation Reform Act directs the court to dismiss a prisoner's complaint *sua sponte* at any time "if the court determines that . . . the action . . . is

frivolous . . . [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)(ii).

A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

Watts and Johns are supervisory officials, but they may not be held liable based upon a theory of *respondeat superior*, because *respondeat superior* generally is inapplicable in § 1983 suits. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948 (2009); Monell v. Dep't of Social Services, 436 U.S. 658, 694 (1978). To the extent plaintiff alleges a claim pursuant to supervisor liability, the United States Supreme Court recently addressed the theory of supervisor liability in the context of a § 1983 action. Iqbal, 129 S.Ct. 1949. The Court held, "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id. at 1948. Mere knowledge is not sufficient to establish personal participation. Id. at 1949.

Plaintiff makes no direct allegations against Watts or Johns, both North Carolina Department of Corrections ("DOC") supervisory officials. Rather, plaintiff appears to allege that they are indirectly responsible for the alleged deliberate indifference to his medical care. Plaintiff's allegations ascribe no role for either Watts or Johns in the alleged injury. Accordingly, plaintiff's claim against these defendants is based upon a theory of vicarious liability. A plaintiff may not proceed on a theory of vicarious liability in a § 1983 action. See Iqbal, 129 S.Ct. 1949. Thus, plaintiff's claim against these defendants are DISMISSED as frivolous.

Plaintiff makes general allegations for the first time against Jiminez and Dr. Michael Nwude ("Nwude") in his response to defendants' motion to dismiss.[4] Plaintiff also makes general allegations against Libero, and Lappin.[5] However, plaintiff has not provided any factual allegations to support his claims against these defendants. Although *pro se* litigants are held to less stringent pleading standards than attorneys, the court is not required to accept as true legal conclusions or unwarranted factual inferences. Monroe v. City of Charlottesville, 579 F.3d 380, 385-86 (4th Cir. 2009). There is a minimum level of factual support required. White v. White, 886 F.2d 721, 723 (4th Cir. 1989). Because plaintiff has not provided any allegations to support his claims against these defendants, his claims against them are DISMISSED without prejudice.[6]

---

[4] Plaintiff has not moved to amend his complaint pursuant to Federal Rule of Civil Procedure 15 to include these persons as defendants in this action.

[5] The court notes that plaintiff additionally failed to provide any factual support for his claims against Watts or Johns. However, the court granted defendants' motion to dismiss as these parties as discussed above.

[6] The court notes that plaintiff failed to provide factual support for any of his claims except his Eighth Amendment deliberate indifference claim. However, these claims previously were dismissed for failure to exhaust administrative remedies.

7

### 2. FTCA Claim

Defendants assert that plaintiff did not comply with the jurisdictional requirements of the FTCA because his administrative remedy was untimely.[7] The FTCA specifies:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). The administrative exhaustion requirements of section 2675(a) are jurisdictional and may not be waived. See, e.g., Plyler v. United States, 900 F.2d 41, 42 (4th Cir. 1990). In addition, 28 U.S.C. § 2401(b) states:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). These time requirements are jurisdictional and may not be waived. See, e.g., Gould v. United States Dept. of Health & Human Servs., 905 F.2d 738, 741–42 (4th Cir. 1990) (en banc); Gattis v. Federal Bureau of Prisons, No. 8:09-70-TLW-BHH, 2010 WL 358139, *6 (D.S.C. Jan. 26, 2010) (barring plaintiff's claims pursuant to § 2401(b) because he did not filed it within six months after the date of mailing the notice of final denial of his claim).

---

[7] The proper party for a suit brought under the FTCA is the United States of America. 28 U.S.C. §§ 1346(b), 2674, 2679; see United States v. Smith, 499 U.S. 160, 167 n. 9 (1991). Here, plaintiff has not named the proper party. However, the court deems it appropriate to dismiss the action for lack of subject matter jurisdiction despite the fact that plaintiff failed to name the proper party.

Here, plaintiff filed one administrative tort claim with the BOP in connection with this action in which he claimed that, in February 2006, he was denied medication for his eyes for seven to eight weeks. (Cox Aff. ¶ 8.) Plaintiff's administrative tort claim was denied on October 27, 2008, because he failed to file the claim within the statutory time period of two years pursuant to 28 U.S.C. § 2401(b). (Id. ¶ 9.) Because § 2401(b) is a jurisdictional prerequisite to suit under the FTCA, the district court lacked subject matter jurisdiction to hear the suit. See Hahn v. United States, 313 F. App'x 582, *4 (4th Cir. Nov. 5, 2008). As for plaintiff's remaining FTCA claims, he failed to exhaust his administrative remedies pursuant to the FTCA. Thus, the court also lacks subject matter jurisdiction over his additional claims. See Xiteng Liu v. United States Citizenship and Immigration Services, Texas, 317 F. App'x 361, *1 (4th Cir. Mar. 16, 2009) ("Failure to exhaust administrative remedies must result in dismissal of the [FTCA] lawsuit for want of jurisdiction.") (citing Plyler, 532 U.S. at 741 n.6).[8]

Even if plaintiff had exhausted his administrative remedies, he still would not be entitled to relief because he failed to comply with North Carolina Rule of Civil Procedure 9(j). Under the FTCA, the United States waives sovereign immunity for "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2675(a). A prisoner "can sue under the [FTCA] to recover damages from the United States Government for personal injuries sustained during confinement in a federal prison, by reason of the negligence of a government employee." United States v. Muniz, 374 U.S. 150, 150 (1963). The statute "requires the law of the place where the act or omission occurred to be applied." See e.g.,

---

[8] Plaintiff alleges in his response to defendants' October 26, 2009, motion to dismiss that his claim is not time barred due to the continuing tort theory. However, even if plaintiff's FTCA claim was not time-barred, it would be dismissed for failure to comply with North Carolina Rule 9(j) as discussed infra.

9

Cibula v. United States, 551 F.3d 316, 319 (4th Cir. 2009) (quotation omitted); 28 U.S.C. § 1346(b). Thus, North Carolina substantive law governs this action.

North Carolina Rule of Civil Procedure 9(j) requires that the complaint of a plaintiff alleging a claim of medical malpractice, such as the instant action, must assert that the medical care has been reviewed by a person who is reasonably expected to qualify (or whom the plaintiff will move to qualify) as an expert witness and who is willing to testify that the medical care received by the plaintiff did not comply with the applicable standard of care. Specifically, Rule 9(j) provides:

> Any complaint alleging medical malpractice by a health care provider as defined in [N.C. Gen. Stat. §] 90-21.11 in failing to comply with the applicable standard of care under [N.C. Gen. Stat. §] 90-21.12 shall be dismissed unless:
>
> (1) The pleading specifically asserts that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care;
>
> (2) The pleading specifically asserts that the medical care has been reviewed by a person that the complainant will seek to have qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care, and the motion is filed with the complaint; or
>
> (3) The pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur.

N.C.R.Civ.P 9(j). Failure to comply with Rule 9(j) is ground for dismissal of a state medical-malpractice claim filed in federal court. See e.g., Estate of Williams -Moore v. Alliance One

10

Case 5:10-ct-03153-FL Document 39 Filed 09/14/11 Page 10 of 15

Receivables Mgmt., Inc., 335 F. Supp.2d 636, 649 (M.D.N.C. 2004); Moore v. Pitt County Mem'l Hosp., 139 F.Supp. 2d 712, 713-14 (E.D.N.C. 2001).

Plaintiff's complaint fails to allege that he obtained certification from an expert willing to testify that his treating medical personnel did not comply with the applicable standard of care. Further, the doctrine of res ipsa loquitur is allowed only when the facts of the occurrence warrant an inference of defendant's negligence. Sharp v. Wyse, 317 N.C. 694, 697, 346 S.E.2d 485, 487 (1986); see, e.g., Tice v. Hall, 310 N.C. 589, 593, 313 S.E.2d 565, 567 (1984) (surgical sponge left in patient's body). In light of the evidence, the doctrine of res ipsa loquitur does not apply to plaintiff's claim. Thus, plaintiff fails to meet the requirements of Rule 9(j), and his negligence claim is DISMISSED without prejudice.

    3.    Bivens Claim

        a.    Failure to Exhaust Administrative Remedies

The Prisoner Litigation Reform Act states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 84 (2006); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). Exhaustion is mandatory. Woodford, 548 U.S. at 84; Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."); Anderson, 407 F.3d at 677. A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001). "[U]nexhausted claims cannot be brought in court." Jones, 549 U.S. at 211.

11

In this case, defendants concede that plaintiff exhausted his administrative remedies for his Bivens claim related to his eye care. (Cox Aff. ¶¶ 12-16.) Plaintiff, however, failed to exhaust his administrative remedies for his remaining claims. (Id. ¶ 17.) Because plaintiff failed to exhaust his administrative remedies for his remaining claims, they are dismissed without prejudice.

b. Absolute Immunity for Public Health Service Officers

Blair, Hunter-Busky, and Spiller argue that they should be dismissed from this action because they are entitled to absolute immunity pursuant to 42 U.S.C. § 233(a) of the Public Health Service Act. Section 233(a) protects commissioned Public Health Service officers and employees from being subject to suit "for damage for personal injury . . . resulting from the performance of medical, surgical, dental, or related functions." See Cook v. Blair, No. 5:02-CT-609-BO, 2003 WL 23857310, *1 (E.D.N.C. March 21, 2003), aff'd by 82 Fed. Appx. 790 (4th Cir. 2003). Under § 233(a), the exclusive remedy for actions against Public Health Service members is against the United States pursuant to the Federal Tort Claims Act ("FTCA"). See 42 U.S.C. § 233(a); Cook, 2003 WL 23857310, *1 (citing Cuoco v. Moritsugu, 222 F.3d 99, 107 (2nd Cir. 2000)).

Blair, Hunter-Busky, and Spiller testified in affidavits that, at the time they provided medical care to plaintiff at Butner, they were employed by the United States Department of Health and Human Services as commissioned officer in the United States Public Health Service. (Defs' Mem., Exs G, H, and I.) Accordingly, even if plaintiff's allegations of inadequate medical care are true, Blair, Hunter-Busky, and Spiller, as officers of the Public Health Service, are entitled to absolute immunity pursuant to § 233(a) because they are being sued based upon their performance of a medical function. See Cuoco v. Moritsugu, 222 F.3d at 108 (holding there is "nothing in the language of § 233(a)" to support a finding that it "provides immunity only from medical malpractice

claims."); see also Logan v. St. Charles Health Council, Inc., 2006 WL 1149214 at *2 (W.D. Va. 2006) (noting in dicta that § 233(a) is not limited only to medical malpractice cases). Because Blair, Hunter-Busky, and Spiller are immune from plaintiff's suit, plaintiff's Bivens claim against them is DISMISSED.

    c.    Sovereign Immunity

Plaintiff seeks relief against the BOP and the DOJ under the Eighth Amendment. The United States enjoys sovereign immunity from all lawsuits against it, absent an express waiver of its immunity. See, e.g., FDIC v. Myer, 510 U.S. 471, 475 (1994); Welch v. United States, 409 F.3d 646, 650 (4th Cir. 2005). "While Bivens actions allow for recovery of monetary damages against federal officials who violate the United States Constitution in their individual capacities, Bivens does not allow for recovery of money damages, or suits in general, against the government itself." Reinbold v. Evers, 187 F.3d 348, 355 n.7 (4th Cir. 1999). Because the United States or an agency thereof is not a proper party to a Bivens action, the court GRANTS their motion to dismiss. See Chidi Njoku v. Unknown Special Unit Staff, 217 F.3d 840, *1 (4th Cir. July 7, 2000).

Plaintiff seeks relief from the remaining defendants in their official capacities. A "Bivens action does not lie against . . . officials in their official capacity." See Doe v. Chao, 306 F.3d 170, 184 (4th Cir. 2002) (emphasis removed), aff'd, 540 U.S. 614 (2004). Thus, the court GRANTS defendants' motion to dismiss plaintiff's official capacity claims.

    d.    Failure to State a Claim

Defendants move to dismiss the remaining claims in this action on the grounds that plaintiff failed to state a claim upon which relief may be granted. Defendants attach the affidavit of Nwude to support their contention that plaintiff received constant and careful treatment.

13

As an initial matter, the court finds plaintiff has made allegations sufficient to state a claim for deliberate indifference against Sluss, Autrey, Bonner, and Ramsey. For instance, plaintiff alleges that these defendants disregarded orders from an outside specialist and refused to provide him care. Additionally, this action is in the early stage of litigation, and no case management order or discovery schedule has been set. Accordingly, the parties have not yet had the opportunity to engage in any discovery. Summary judgment is inappropriate "where the parties have not had an opportunity for reasonable discovery." E.I. Du Pont De Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011) (stating conversion of a motion to dismiss into a motion for summary judgment in "not appropriate where parties have not had an opportunity for reasonable discovery.") Thus, defendants' motion to dismiss Sluss, Autrey, Bonner, and Ramsey based upon failure to state a claim is DENIED.

## CONCLUSION

For the foregoing reasons:

(1) Defendants' motion to dismiss (DE # 34) is GRANTED in part and DENIED in part. The motion is GRANTED and the action is DISMISSED without prejudice as to all plaintiff's claims except his Eighth Amendment deliberate indifference claim against Autrey, Bonner, Ramsey, and Sluss.

(2) Plaintiff did not name Sluss as a defendant in his original compliant, but did make allegations against him. The Clerk of Court is DIRECTED to add Sluss as a party to this action, and the Clerk of Court is DIRECTED to issues summons for Sluss.

(3) Plaintiff's claims against Nwude, Watts, Johns, Libero, and Lappin are DISMISSED without prejudice as frivolous.

14

(4) The Clerk of Court is DIRECTED to issue an initial order.

SO ORDERED, this the 13th day of September, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge